## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | : | **CIVIL ACTION** |
| AS TRUSTEE, AS SUCCESSOR IN | : | |
| INTEREST TO BANK OF AMERICA, | : | |
| NATIONAL ASSOCIATION, AS | : | |
| SUCCESSOR BY MERGER TO | : | |
| LASALLE BANK, NATIONAL | : | |
| ASSOCIATION, AS TRUSTEE FOR | : | |
| THE REGISTERED HOLDERS OF | : | **NO. 13-04362** |
| CD 2006-CD3 COMMERCIAL | : | |
| MORTGAGE PASS THROUGH | : | |
| CERTIFICATES | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| RENAISSANCE LAND ASSOCIATES, | : | |
| L.P. | : | |
| *Defendant* | : | |

FILED

OCT 25 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

NITZA I. QUIÑONES ALEJANDRO, J.                                      OCTOBER 25, 2013

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court are Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) [ECF 6], Plaintiff's response [ECF 8], Defendant's reply [ECF 9] and the complaint [ECF 1]. The issue, which has been thoroughly briefed by the parties, is whether venue is proper in this Court pursuant to the mortgage and loan agreement. For the reasons stated herein, the motion to dismiss is granted.

### FACTS

The salient facts in Plaintiff's complaint can be summarized as follows:

On June 15, 2006, Defendant entered into a $24.2 million loan agreement with a financial institution (not a party in this action) and executed, *inter alia*, a promissory note, an Open-End Mortgage (Mortgage), Assignment of Leases and

Rents (Lease Agreement), and a Security Agreement and Fixture Filing, as security for payment of the loan. The surety agreement and documents were recorded and subsequently assigned to U.S. Bank National Association, Plaintiff. On May 1, 2013, Defendant defaulted on its obligation to make monthly debt service payments to Plaintiff in the amount of $152,960.46 per month, thus, giving rise to this mortgage foreclosure action.

On July 29, 2013, Plaintiff filed a complaint in mortgage foreclosure claiming federal jurisdiction pursuant to 28 U.S.C. § 1332. Defendant filed a motion to dismiss relying on the "forum selection" language contained in the Mortgage and Loan Agreements, *to wit*:

> <u>Consent to Jurisdiction</u>. Borrower hereby consents and submits to the exclusive jurisdiction and venue of any state or federal court sitting in the county and state where the Land/Property encumbered by the Security Instrument is located with respect to this Security Instrument or any other Loan Document and waives all objections which it may have to such jurisdiction and venue. Nothing herein shall, however, preclude or prevent Lender from bringing actions against Borrower in any other jurisdiction as may be necessary to enforce or realize upon the security herein provided.

*See* Complaint, Exhibits "A", "C"; Motion to Dismiss, Exhibits "A", "B".

**LEGAL STANDARD**

As a general rule, motions to dismiss for improper venue are entertained under Federal Rule of Civil Procedure (Rule) 12(b)(3). The Third Circuit Court of Appeals, however, has held that dismissal under Rule 12(b)(6) is also proper where a forum selection clause designates another court as the exclusive venue for litigation. *See Salovaara v. Jackson National Life Insurance Co.*, 246 F.3d 289, 298-299 (3d Cir. 2001). When deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). After the Supreme Court's decision in *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007), "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937 (2009). In a motion to dismiss for improper venue, the defendant, as the moving party, bears the burden of showing that venue is improper. *Leone v. Cataldo*, 2008 U.S.Dist. LEXIS 61452 (E.D. Pa. Aug. 11, 2008) (citing *Myers v. American Dental Ass'n.*, 695 F.2d 716, 724 (3d Cir. 1982)). In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint." *Banc Auto Inc. v. Dealer Service Corporation,* 2008 WL 4055830, *2 (E.D. Pa Aug. 28, 2008) (citing *In re Rockefeller Sec. Lit.*, 184 F.3d 280, 287 (3d. Cir. 1999)).

**DISCUSSION**

The mortgaged property subject of this foreclosure action is located at 2701 Renaissance Boulevard, King of Prussia, PA 19406, in Montgomery County. Defendant argues that pursuant to the loan documents, the foreclosure action must be brought in a state court located in Montgomery County and not in this federal court. Defendant contends that the plain language of the "*Consent to Jurisdiction*" provision of the mortgage (Section 7.07), which is the identical provision contained in the loan agreement (Section 18.07), requires the Borrower to submit to the "exclusive jurisdiction and venue of any state or federal court sitting in the county and state where the Land/Property encumbered by the Security Instrument is located". *See* Motion to Dismiss, exhibits A and B. Defendant emphasizes the exclusiveness in venue and jurisdiction as residing in Montgomery County since the clause requires that the court must *be sitting* in the county where the land encumbered by the mortgage is located. The phrase "sitting in" is generally defined as "holding proceedings". *See* Sit, BLACK'S LAW DICTIONARY (9th Ed. 2009). Consequently, the foreclosure action must be brought in Montgomery County.

3

In response, Plaintiff argues that the consent to jurisdiction clause applies only to the Borrower and not to the Lender; that the clause is not, in fact, a restrictive forum selection clause, but rather, is a consent to jurisdiction clause that restricts *Defendant's* ability (not Plaintiff's ability) to bring suit elsewhere or to object to a suit brought in the selected venue; that the suit is proper in the federal court located in Philadelphia since said court has jurisdiction in matters originating from Montgomery County;[1] and, in the alternative, litigation in this federal forum is necessary for Plaintiff to enforce its rights and remedies in this matter.

In rebuttal, Defendant reasons that if the exclusive jurisdiction and venue language of the first sentence were to apply only to the Borrower, then the second sentence of the forum selection provision, which permits the Lender to bring suit outside Montgomery County, "in any other jurisdiction as may be necessary to enforce" its security would be entirely superfluous. In support, Defendant cites to *Relm Wireless Corp. v. C.P. Allstar Corporation*, 265 F. Supp. 2d 523 (E.D. Pa. May 22, 2003), which involved the following contractual language: "This Agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania with venue in Chester County." The plaintiff therein asserted that the language of the clause did not purport to preclude suit in a federal court and that the ambiguity should be construed against the drafter of the contract. *Relm*, 265 F. Supp. 2d at 524 (citing *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985)). The court agreed that the venue selection clause did not, on its face, mandate that suit be brought in a state court, but concluded that the clause made perfectly clear that venue laid only in Chester County and since no federal courthouse was located in Chester County, dismissal of the complaint was warranted and the defendant's motion to dismiss was granted. *Id.*

---

[1] It is undisputed that this federal court covers a nine-county area, including Montgomery County, and is statutorily authorized to sit only in Allentown, Easton, Lancaster, Reading, and Philadelphia, all locations outside of Montgomery County. *See* 28 U.S.C. § 118.

4

Defendant also relies on *Wall Street Aubrey Golf, LLC v. Aubrey*, 189 Fed. Appx. 82 (3d Cir. 2006), wherein the court considered the following provision: "This Lease shall be construed in accordance with the laws of the Commonwealth of Pennsylvania, with venue laid in Butler County, Pennsylvania." The court determined that this language admitted of no other result than that the courts of Butler County were the exclusive forum in which the parties could obtain adjudication under their contract. *Aubrey Golf*, 189 Fed. Appx. at 85. The court further held that because transfer is not available when a forum selection clause specifies a non-federal forum, dismissal is the sole option. *Id*. at 87 (citing *Salovaara,* 246 F.3d at 299).

Plaintiff rebuts Defendant's reliance on the above-cited cases and argues a distinction between a forum selection clause and a consent to jurisdiction clause. Plaintiff relies on *Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 400 (E.D. Pa. Dec. 6, 2005) for the proposition that the former provides that all litigation under the contract must be brought in the selected forum, while the latter permits, but does not compel, that the action be brought in a particular jurisdiction.

In their arguments, the parties do not contest the validity of the venue selection clause; they disagree, however, on its interpretation. It is axiomatic that parties to a contract may select, in advance of litigation, the forum and the law under which their dispute will be settled. *Banc Auto Inc. v. Dealer Services Corp.,* 2008 WL 4055830, *2 (E.D. Pa. Aug. 28, 2008) (citing *Botman Intern., B.V. v. International Product Imports, Inc*., 205 Fed. Appx. 937, 941 (3d Cir. 2006)). Although forum selection clauses are generally treated as ordinary contract provisions and are subject to ordinary rules of contract interpretation, they are entitled to great weight and are presumptively valid. *Grossman v. Grossman*, 2009 U.S. Dist. LEXIS 13774, *12 (E.D. Pa. Feb. 23, 2009) (citing *Banc Auto Inc.,* 2008 WL 4055830 at *6). The strongest external sign of

5

the agreement between contracting parties is the words they use in the written contract. Thus, when the language of the contract is unambiguous, that is, when the contract is reasonably capable of only one construction, the inquiry ends and the court must enforce the contract as written. *Integrated Health Resources, LLC v. Rossi Psychological Group,* 537 F. Supp. 2d 672, 674 (D.N.J. 2008) (quoting *John Wyeth & Bro. Ltd v. CIGNA Intern. Corp.*, 119 F.3d 1070, 1074 (3d Cir. 1997)). Absent "exclusive jurisdiction" language, a forum selection clause is permissive rather than mandatory. *Godwins, Inc. v. DeMarco*, 1991 WL 87213, *1 (E.D. Pa. May 21, 1991) (citing *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F. 2d 75, 77 (9th Cir. 1987)).

After carefully considering the arguments made and the case law cited, this Court opines that venue lies solely in Montgomery County. In reaching this conclusion, the Court read the provision in its entirety, as it must, giving effect to each key word in the consent to jurisdiction clause language which provides that the "*exclusive" jurisdiction and venue* will be in *either a state or federal court sitting where the property is encumbered* (Montgomery County), and *nothing shall prevent Lender* (Plaintiff) *from bringing actions against Borrower* (Defendant) *in any other jurisdiction as may be necessary to enforce or realize the security provided.* This language permits no other result than that the court of Montgomery County is the exclusive forum in which the parties may obtain adjudication under their contract. The parties' use of the words "exclusive" jurisdiction in this provision makes the forum selection mandatory. *See Godwins, Inc.*, 1991 WL 87213 at *1.* Because this Court does not sit in Montgomery County, it is not the appropriate forum for this matter.

Plaintiff further argues that the federal court's jurisdiction is proper since the venue clause permits an action outside Montgomery County when "necessary to enforce or realize upon the security herein provided." Plaintiff contends that this case presents such a necessity and

proffers that: the high caseload and lack of efficiency in the Montgomery County state courts, along with the potential bias created by the Defendant's principal, J. Brian O'Neill, who allegedly attended school with all of the judges in Montgomery County and said that "none of them would do anything to hurt [him]" warrants jurisdiction in federal court. This argument is unpersuasive and without merit.

This Court's reading of the *venue* provision as written in its entirety and giving effect to each of its parts, in conjunction with the documents evidencing the loan, compels the conclusion that the parties intended "exclusive jurisdiction and venue" to lie in Montgomery County, subject to the limited necessity exception provided by the second sentence, which is not met here.

**CONCLUSION**

For the reasons stated, the motion to dismiss is granted. Since a transfer is not available when a forum selection clause specifies a non-federal forum, dismissal is the sole option. *See Salovaara,* 246 F.3d at 299. The complaint is dismissed, without prejudice, to Plaintiff's rights to re-file in the appropriate state court in Montgomery County.

An appropriate Order follows.


Nitza I. Quiñones Alejandro